## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
BEULAH J. ROBINSON,                   )
                                                    )
                        Plaintiff,            )
                                                    )
            v.                                     )        Civil Action No. 11-2212 (RBW)
                                                    )
RED COATS, INC.,                          )
                                                    )
                        Defendant.        )
_____)

### MEMORANDUM OPINION

Beulah J. Robinson, the plaintiff in this civil case, seeks relief pursuant to Title VII of the

Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2 to -3 (2006), the Age

Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-24 (2006), and the District of

Columbia Human Rights Act, D.C. Code §§ 2-1402.11(a)(1), 2-1402.61(a)-(b) (2001).

Complaint ("Compl.") ¶¶ 23, 26, 33, 39.  Currently before the Court is the Defendant's Motion

to Dismiss, or in the Alternative, Motion for Summary Judgment.  After carefully considering all

of the relevant submissions by the parties,[1] the Court concludes for the following reasons that the

defendant's motion must be denied in its entirety.

### I. BACKGROUND

The plaintiff, "a 75 year old woman of the black race," Compl. ¶ 4, was hired as a

"cleaner" in 1984 "by a company that was [subsequently] either acquired by the [d]efendant or a

---

[1] In addition to the plaintiff's Complaint and the Defendant's Motion to Dismiss, or in the Alternative, Motion for
Summary Judgment, the Court considered the following documents in rendering its decision: (1) the Memorandum
of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary
Judgment ("Def.'s Mem."); (2) the Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative,
for Summary Judgment ("Pl.'s Opp'n"); (3) the Memorandum of Points and Authorities in Support of Plaintiff's
Opposition to Defendant's Motion to Dismiss or for Summary Judgment ("Pl.'s Mem.");  and (4) the Defendant's
Reply Memorandum in Support of its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment
(Def.'s Reply").

competitor [that] lost a contract bid to the [d]efendant in 2006," id. ¶ 8.  The plaintiff's duties

"consisted of dusting surface areas, emptying trash cans, and vacuuming the carpet of various

offices of commercial buildings."  Id. ¶ 9.

"In June 2010, the [p]laintiff was transferred from one office building to another where

the contract for the latter office building was terminating within a month.  The [p]laintiff

complained to her union representative and was transferred to an office building located at 1225

Connecticut Avenue, N.W., Washington, D.C."  Id. ¶ 12.  The plaintiff alleges that "[w]hen [she]

arrived on her first day at the [Connecticut Avenue b]uilding, she was told by her manager that

she . . . was not wanted at that location," id. ¶ 13, and he purportedly "embarked upon a pattern

of conduct designed to discourage the [p]laintiff from continuing her employment with the

[d]efendant by giving [her] more assignments than her counterparts of [a] different race and

younger age."  Id. ¶ 15.  In addition, the plaintiff claims that she was "isolate[ed] . . . from the

other cleaners," id., and "not provided a reasonable opportunity to become familiar with the

location of the trash cans . . . and to develop an efficient plan," and that "she was forced to work

alone . . . while her younger Hispanic co-workers were allowed to work in crews where division

of labor enabled them to work more efficiently," Pl.'s Mem. at 8-9.  Moreover, the plaintiff

contends that the "[d]efendant's discriminatory tactics included the fabrication of sub-par

performance issues, and [the] utiliz[ation of] those fabrications as a pretext to discipline and

[ultimately] terminate [her emloyment].  Compl. ¶ 15.  The plaintiff filed a Charge of

Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 1,

2010,[2] alleging race and age discrimination.  Id. ¶ 16.  Specifically, as noted earlier, the plaintiff

claimed that she "had been transferred to a new location where the work contract would soon

---

[2] The EEOC filing and the plaintiff's termination were both mistakenly dated as occurring in 2011 in the plaintiff's
Complaint; her subsequent filings cite 2010 as the correct year when the events at issue occurred.  Pl.'s Mem. at 2;
Id., Exhibit ("Ex.") 1 (Affidavit of Plaintiff) ¶¶ 4-6.

expire because of [her] race and age."  Id.  The defendant was made aware of the plaintiff's

EEOC charge on October 7, 2010.  Id. ¶ 17.

      The defendant gave the plaintiff both verbal and written warnings about her work

performance on October 4, 2010, and a written warning on October 7, 2010.  Def.'s Mem. ¶¶ 6-8

at 2-3.  Several days later, on October 13, 2010, the defendant terminated the plaintiff and

replaced her with someone "substantially younger" and of a different race than the plaintiff.

Compl. ¶¶ 18-19.  On October 14, 2010, the Service Employees International Union ("SEIU")

filed an unjust discharge grievance on the plaintiff's behalf, which was eventually submitted to

arbitration.  Def.'s Mem. ¶¶ 10-11 at 3.  After a two-day evidentiary hearing, the arbitrator issued

a written decision finding "just cause for the discharge of [the plaintiff]."  Def.'s Mem., Exhibit

("Ex.") 7 (Decision & Award).  However, the decision did not address the plaintiff's

discrimination claims.  See Pl.'s Mem. at 9 n.2 ("The arbitrator simply made a ruling based on a

contract involving the parties . . . .").

      The plaintiff filed this case on October 25, 2011, in the Superior Court for the District of

Columbia.  Compl. at 1.  The defendant then removed the case to this Court on December 13,

2011.  Notice of Removal at 1.  The defendant now moves for dismissal or summary judgment

arguing that the plaintiff "cannot establish that she was qualified for her position as a [c]leaner,"

nor can she "establish a causal connection between her filing a Charge of Discrimination with

the EEOC and the termination of her employment," Def.'s Mem. at 6-7.  Consequently, the

defendant requests that the plaintiff's Complaint "be dismissed, in its entirety, with prejudice."

Id. at 8.

## II. STANDARDS OF REVIEW

A.      <u>Rule 12(b)(6) Motion to Dismiss</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a

complaint properly states a claim upon which relief can be granted.  For a complaint to survive a

Rule 12(b)(6) motion, it need only provide "a short and plain statement of the claim showing that

the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which accomplishes the dual objectives

of  "giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rests,"

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted).  "Although detailed

factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide

the grounds of entitlement to relief, [the] plaintiff must furnish more than labels and conclusions

or a formulaic recitation of the elements of a cause of action."  <u>Hinson ex rel. N.H. v. Merritt</u>

<u>Educ. Ctr.</u>, 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (internal quotation marks omitted) (quoting

<u>Twombly</u>, 550 U.S. at 555).  Or, as the Supreme Court stated in the Rule 12(b)(6) context, "[t]o

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678

(2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  And, a claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the

defendant is liable for the misconduct alleged."  <u>Id.</u>  Moreover, under Rule 12(b)(6), the Court

"must treat the complaint's factual allegations as true [and] must grant [the] plaintiff the benefit

of all reasonable inferences [that can be derived] from the facts alleged."  <u>Trudeau v. FTC</u>, 456

F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citation omitted).  Further, in

resolving a Rule 12(b)(6) motion, the Court may consider only the factual allegations set forth in

the complaint, any documents attached as exhibits with the complaint (or incorporated into the complaint), and matters subject to judicial notice.  <u>EEOC v. St. Francis Xavier Parochial Sch.</u>, 117 F.3d 621, 624 (D.C. Cir. 1997).  The Court's focus is therefore restricted to the facts as alleged by the plaintiff, which must be sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.  Finally, Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

B.      <u>Rule 56 Motion for Summary Judgment</u>

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making this assessment, courts must view all the evidence, except for conclusory statements, in the light most favorable to the non-moving party, "even when the court entertains grave doubts" about the non-movant's statements.  <u>Greene v. Dalton</u>, 164 F.3d 671, 674 (D.C. Cir. 1999).  Summary judgment "ordinarily is proper only after the plaintiff has been given adequate time for discovery," <u>Chappell-Johnson v. Powell</u>, 440 F.3d 484, 488 (D.C. Cir. 2006) (internal citation and quotation marks omitted), and courts are especially cautious in granting summary judgment prematurely in discrimination cases because they "center on the issue of an employer's intent, and 'writings directly supporting a claim of intentional discrimination are rarely, if ever, found among an employer's corporate papers.'"  <u>Aka v. Wash. Hosp. Ctr.</u>, 116 F.3d 876, 879 (D.C. Cir. 1997) (internal citation omitted), <u>rev'd on other grounds</u>, 156 F.3d 1284 (D.C. Cir. 1998) (en banc).

### III. LEGAL ANALYSIS

A.     The Defendant's 12(b)(6) Motion to Dismiss

The defendant seeks dismissal of the plaintiff's race and age discrimination claims

pursuant to Rule 12(b)(6) on the grounds that the plaintiff "cannot establish that she was

qualified for her position as a [c]leaner for Red Coats at the time that her employment was

terminated" and because "there has already been a written decision after a two day arbitration

hearing specifically finding that there was just cause to terminate [her] employment."  Def.'s

Mem. at 6.  In addition, the defendant seeks dismissal of the plaintiff's retaliation claim arguing

that she cannot "establish a causal connection between her filing a [c]harge of [d]iscrimination

with the EEOC and the termination of her employment, id. at 7, and that there was "just cause"

for the termination, id.  As support for its positions, the defendant relies on the arbitration

decision, id., Ex. 7, an e-mailed complaint from one of its clients concerning areas cleaned by the

plaintiff, id., Ex. 1, and several written warnings issued to the plaintiff concerning the poor

performance of her duties, id., Exs. 2-5.  Based on this documentation, the defendant argues that

the plaintiff "cannot establish a prima facie case of [her] race or age discrimination" claims, nor

can she sufficiently demonstrate that the defendant's "legitimate reasons" for terminating her

employment "are pretext for unlawful retaliation," and consequently, the plaintiff's claims

cannot "survive [its m]otion to [d]ismiss."  Id. at 7.

In opposition, the plaintiff responds that her "claims for race and age discrimination

contain all of the elements required to state a claim for relief."  Pl.'s Mem. at 5.  The plaintiff

represents that she has pleaded that "she is a 75 year old black woman (protected class), that she

performed her job duties satisfactorily (qualified to work as a [c]lean[e]r), and that she was

terminated and replaced by someone outside of the protected class who was a younger, non-

black person (causal connection)."  Id. at 5-6.  In addition, the plaintiff maintains that her claim

for retaliation "is also sufficiently pled" because the defendant terminated her "only twelve days"

after she filed her Charge of Discrimination with the EEOC.  Id. at 6.  Finally, the plaintiff states

that she

> believes in good faith that, given the opportunity to conduct discovery, she will
> generate additional admissible facts in support of her claims and, particularly, that
> the non-discriminatory explanation provided by the [d]efendant is not true or
> credible.  Discovery is also expected to reveal comparable situations where the
> [d]efendant treated others differently than the [p]laintiff.

Pl.'s Opp'n. ¶ 4.

Because all of the challenges to the plaintiff's claims rely on matters outside the

Complaint and those matters were not "attached to or incorporated in the [C]omplaint," they

provide no basis for dismissal under Rule 12(b)(6).  St. Francis Xavier Parochial Sch., 117 F.3d

at 624.  The Court will therefore deny the defendant's Rule 12(b)(6) motion and assess whether

the defendant is entitled to summary judgment under Rule 56.  See Yates v. Dist. of Columbia,

324 F.3d 724, 725 (D.C. Cir. 2003) (stating that a court's consideration of matters outside the

pleadings that are not attached or incorporated into the complaint "ha[s] the effect of converting

a [motion to dismiss] into a motion for summary judgment").

B.    The Defendant's Rule 56 Motion for Summary Judgment

The defendant seeks summary judgment pursuant to Rule 56, alleging that the

"[p]laintiff's performance was sub-par and the [d]efendant had a legitimate, non-discriminatory

reason for terminating the [p]laintiff," Def.'s Reply at 3, and that there is no "causal connection

between [the plaintiff] filing a Charge of Discrimination with the EEOC and the termination of

her employment," Def.'s Mem. at 7.  As stated earlier, the defendant proffers the arbitration

decision, id., Ex. 7, an e-mailed complaint from one of its clients concerning areas cleaned by the

plaintiff, id., Ex. 1, and several written warnings issued to the plaintiff concerning the poor performance of her duties, id., Exs. 2-5, as evidence that the plaintiff was not qualified for her position and that there was a legitimate, non-discriminatory reason for the termination of the plaintiff's employment.  The plaintiff counters that despite the arbitration decision, it would be inappropriate to grant summary judgment to the defendant at this stage because she has not had the opportunity to conduct discovery to show "that the non-discriminatory explanation provided by the [d]efendant is not true or credible."  Pl.'s Opp'n ¶ 4 at 2-3.  Furthermore, the plaintiff claims that "[d]iscovery is also expected to reveal comparable situations where the [d]efendant treated others differently than the [p]laintiff."  Id. ¶ 4 at 3.

The Court agrees with the plaintiff that summary judgment is inappropriate at this time. The Supreme Court has noted that "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion," Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (emphasis added), and that "[a]ny potential problem with such premature motions [may] be adequately dealt with under Rule 56[d], which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the non[-]moving party has not had an opportunity to make full discovery," id. at 326 (footnote omitted).  The District of Columbia Circuit has applied this rule in the context of a discrimination case holding that "because [the plaintiff's] declaration pointed to the types of evidence that might raise an inference of discrimination . . . and because we may not impose a prima facie case requirement in a 'rigid, mechanized, or ritualistic' way, [the plaintiff] is entitled to the discovery she seeks." Chappell-Johnson, 440 F.3d at 489 (internal citation omitted).

The defendant argues that its motion should be granted because "it will be impossible for [the p]laintiff to establish that she was qualified for the position" given the arbitration decision.

Def.'s Reply at 3.  The defendant further contends that the plaintiff "has presented absolutely no evidence to rebut the undisputed facts that were presented by [the d]efendant," and that "[a]s the Arbitrator's decision clearly demonstrates, [the p]laintiff's performance was sub-par and the [d]efendant had a legitimate, non-discriminatory reason for terminating the [p]laintiff from employment."  Id.  The Court disagrees, finding, at this early stage, that there are several facts that appear to be in dispute, namely, as accurately identified by the plaintiff: (1) whether "she did perform all of her job duties including the task of changing trash bags/liners where she found soiled" items, (2) whether she was "provided a reasonable opportunity to become familiar with the location of the trash cans at the Connecticut Avenue building and to develop an efficient plan to perform her duties within the time demands of the [d]efendant[,]" and (3) whether "she was forced to work alone in an unfamiliar and large office area while her younger Hispanic co-workers were allowed to work in crews where division of labor enabled them to work more efficiently in comparison" to the plaintiff.  Pl.'s Mem. at 8-9.  Furthermore, because the plaintiff was terminated twelve days after she filed her Charge of Discrimination with the EEOC, id. ¶¶ 6-9 at 3-4, she has "establish[ed] the 'close temporal proximity'" between her EEOC charge and her termination, which the District of Columbia Circuit has found gives rise "to an inference of causation," Holcomb v. Powell, 433 F.3d 889, 903 (D.C. Cir. 2006).   Finally, based on the record in this case, it appears that the arbitration decision did not address the merits of the plaintiff's underlying claims, see Pl.'s Mem. at 9 n.2 ("The arbitrator simply made a ruling based on a contract involving the parties before the parties had an opportunity to conduct discovery.").

Lastly, turning to the issue of whether any material facts are in dispute, the defendant claims that the plaintiff has "proffered nothing but self-serving statements in response, and presented no statement from a coworker or otherwise, attesting to [the p]laintiff's ability to work

in the position in question or justifying even the inference that the employment decision was motivated by discrimination."  Def.'s Reply at 6.  However, the plaintiff is not required to present evidence in her Complaint.  See Swierkiewicz v. Sorema, 534 U.S. 506, 510-511 (2002) ("The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement."  Indeed, "[t]his Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").  And, although the Court is assessing whether the Complaint survives the defendant's summary judgment motion, that same standard must nonetheless apply as judgment is being sought based solely on the allegations in the Complaint without the plaintiff having any opportunity to conduct discovery.  If the plaintiff cannot corroborate her allegations with the acquisition of evidence through the discovery process, summary judgment may then be appropriate.  But, given the "added measure of rigor or caution" that courts should use when faced with a motion for summary judgment in discrimination cases, Aka, 116 F.3d at 879-80 (internal citation and quotation marks omitted), the plaintiff must be given the opportunity to conduct discovery before an ultimate ruling on the defendant's motion is rendered.  Accordingly, the defendant's motion for summary judgment is denied without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss, or in the alternative, for summary judgment will be denied.

**SO ORDERED.**[3]

REGGIE B. WALTON
United States District Judge

---

[3] An Order consistent with this opinion will be issued contemporaneously.